UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Josephine T. Rossi,

        Petitioner,

        -against-

The Mohawk and Hudson River Humane Society,

        Respondent.

Dist. Ct. Civil Action
1:09-MC-0021 (LEK/DRH)

IN RE Josephine T. Rossi,

        Debtor.

Bankr. Case No. 08-13998-rel

**DECISION and ORDER**

On March 26, 2009, Debtor Josephine Rossi ("Debtor" or "Rossi") filed with this Court a motion for leave to appeal the Order of the United States Bankruptcy Court dated March 16, 2009, denying her application for a Temporary Restraining Order ("TRO") and denying a stay pending appeal. Dkt. No. 1. Rossi also seeks an *ex parte* TRO and a stay pending appeal in the form of an Order to Show Cause ("OSC") avoiding the granting of a bond and avoiding the delivery and payment of a bond. Id. Rossi has also filed an application to proceed *in forma pauperis*. Dkt. No. 2.

**I.    Background**

Debtor filed the underlying Bankruptcy Case on November 28, 2008. Rossi Aff. at ¶ 2 (Dkt. No. 1, Attach. 1). This filing followed the dismissal of Rossi's prior Bankruptcy case.

Case No. 05-17735-rel and this Court's denial of a stay pending appeal and TRO in the ensuing appeal. See Case No. 1:08-mc-00081. On January 26, 2009, Debtor was evicted from her home at 10 Maplewood Avenue. Rossi Aff. at ¶ 10. On or about January 30, 2009, the Colonie Police Department caused the seizure of which resulted in the impoundment by the Mohawk & Hudson River Humane Society ("MHRHS") of 24 cats from Rossi's prior residence at 10 Maplewood Avenue. Exhibit III at 10 (Dkt. No. 1, Attach. 2). The animals were seized and impounded pursuant to the provisions of Section 373 for violations of Section 353 of Article 26 of the Agriculture and Markets Law against Rossi for failure to provide proper sustenance/cruelty to animals. Id. MHRHS then brought a petition dated March 6, 2009 against Rossi seeking security for the cost of providing animal care under Section 373, subdivision 6, of Article 26 Agriculture and Markets Law. Id. The Town Court of Colonie issued an Order to Show Cause, scheduling a hearing for March 11, 2009 to determine whether security must be posted and to determine the amount of the security. Exhibit III at 9.

It appears that the Town Court of Colonie granted a bond to MHRHS in the amount of $10,350. See Bankruptcy Court Order (Dkt. No. 1, Attach. 3). Rossi filed an application with the Bankruptcy Court for a TRO and OSC seeking to avoid, vacate, and nullify the granting of the bond and avoiding, vacating and/or nullifying the delivery and payment of the bond by Debtor. Id. The Bankruptcy Court denied the application for a TRO upon a finding that the Town Court's actions fall within 11 U.S.C. § 362(b)(1)'s exception to the automatic stay, and denied Rossi's application for a stay pending appeal. Id.

**II.    Discussion**

In reviewing the rulings of a bankruptcy court, a district court applies the clearly

erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions of law. Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, J.) (citing In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013. Mixed questions of law and fact are reviewed *de novo*. Ernst & Young v. Bankr. Servs. (In re CBI Holding Co.), 311 B.R. 350, 360 (S.D.N.Y. 2004) (citing to In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003); In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999)).

Debtor argues that the cats are the property of the estate and therefore "protected by an (unlimited) automatic stay" pursuant to 11 U.S.C. § 362. Rossi Aff. at ¶ 15-16, 44.[1] 11 U.S.C. § 362(a) provides for an automatic stay, applicable to all entities, of the commencement of certain judicial proceedings against the debtor. However, 11 U.S.C. § 362(b)(1) states that the filing of the stay does not apply to "the commencement or continuation of a criminal action or proceeding against the debtor." Therefore, the commencement of the criminal action against debtor, and the related requirement, under a related section, of the posting of security pending the disposition of those criminal charges fall within the exception of 11 U.S.C. § 362(b)(1) to the automatic stay.

### III. Conclusion

Accordingly, it is hereby

**ORDERED**, that Debtor's application for a TRO (Dkt. No. 1) is **DENIED**; and it is

---

[1] Rossi also argues that the Town Court should have waived the posting of security, Rossi Aff. at ¶ 36, or that the cats should be retained by and remanded to the owner, Id. at ¶ 39. However, this Court's jurisdiction on this application is limited to a review of the Bankruptcy Court's Order, rather than a review of the Town Court's Order. The Town Court's Order would be properly appealed within the state court system.

further

**ORDERED**, that Debtor's request for a stay pending appeal (Dkt. No. 1) is **DENIED**; and it is further

**ORDERED**, that Debtor's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED: March 17, 2009
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge